IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN JACQUETT,

    Petitioner,                    No. CIV S-06-2938 RRB EFB P

    vs.

D. K. SISTO, et al.,

    Respondents.               ORDER

                                 /

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently pending before the court are petitioner's November 7, 2007, and February 12, 2008, requests that this court take judicial notice of a state court ruling and a recent ruling by the Ninth Circuit. Respondents oppose both requests. For the reasons explained herein, the court declines the first request and construes the second as a notice of supplemental authority.

**I.    Facts**

       Petitioner seeks relief on the ground that his right to due process has been violated in parole suitability hearings. This matter was submitted for decision on May 10, 2007, when petitioner filed his reply. In the November 7, 2007, request, petitioner requests that the court take judicial notice of a finding in a different case, i.e. *In re Donald Ray Lewis*, Super. Ct. No.

1

68038, decided by the Santa Clara County Superior Court.  In that case, the trial court determined that the Board of Prison Terms gave over-broad application to one of the criteria for finding that a prisoner is not suitable for parole, i.e., that the commitment offense was "especially heinous, atrocious or cruel."  *See* Cal. Code Regs. tit. 15, §2402(c)(1).  Petr.'s Nov. 7, 2007 Req., Ex. A.  In the February 12, 2008, request, petitioner asks the court judicially to notice a recent Ninth Circuit Court of Appeals decision, *Hayward v. Marshall*, 512 F.3d 536, 544-48 (9th Cir. 2008).  The court addresses these requests in turn.

## II.   Standards

A federal court may take judicial notice of adjudicative facts.  Fed. R. Evid. 201(a).  Adjudicative facts are facts "concerning the immediate parties-who did what, where, when, how and with what motive or intent- . . . ."  Advisory Committee Notes to Fed. R. Evid. 201(b).  Thus, judicial notice "is a substitute for the conventional method of taking evidence to establish facts."  *Garcia v. Almieda*, 220 WL 2758040 (E.D. Cal. Sept. 21, 2007).   A court may take judicial notice of materials from proceedings before a different tribunal.  *Biggs v. Terhune*, 334 F.3d 910, 915 fn. 3 (9th Cir. 2003).  But the opinion of a different court is more appropriately considered as supplemental authority.  *See Hayward v. Marshall*, 512 F.3d 536, 541 fn 5 (9th Cir. 2008).

## III.   Analysis

Petitioner's request regarding the state court decision asks for more than simply having this court take notice of a state court opinion.  His request seeks to have this court rely upon the Santa Clara Superior Court's finding that in the case of *In re Donald Ray Lewis*, Super. Ct. No. 68038, that the Board of Prison Terms gave over-broad application to a factor relied upon to find that the prisoner was not suitable for parole.  The state court reached that finding after considering extensive evidence of how the Board arrived at its conclusions about a prisoner's commitment offense.  To rely upon that court's findings would require this court to substitute the Santa Clara County proceedings for its own ability to hear and consider the evidence in this case.

////

This is not what Rule 201 authorizes. Thus, while the court can take notice that the Superior Court document says what is says, this court declines to take judicial notice of the facts found by the Santa Clara County Superior Court as determinative of the facts in this case.

With respect to the Ninth Circuit's decision in *Hayward v. Marshall*, 512 F.3d 536, 544-48 (9th Cir. 2008), that case resolves petitioner's motion. *Hayward*, 512 F.3d at 541 n. 5 (construing petitioner's requests that the court take judicial notice of recent state appellate court opinions as citations of supplemental authority). In *Hayward*, the Ninth Circuit held that, considering that petitioner had served more than his minimum sentence, the governor's reversal of a decision finding him suitable for parole was not supported by "some evidence." *Id.*, at 547. The Ninth Circuit's decision is not an adjudicative fact; rather, it is controlling precedent bearing on the outcome of this case. Thus, petitioner's request that the court take judicial notice of it hereby is construed as a notice of supplemental authority.

Accordingly, it is ORDERED that:

1. Petitioner's November 7, 2007, request that the court take judicial notice is denied; and,

2. Petitioner's February 12, 2008, request that the court take judicial notice hereby is construed as a notice of supplemental authority.

Dated: April 8, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE